UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| JEREMY GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | *Electronically Filed* |
| v. ) | |
| ) | CASE NO. 1:19-cv-88-GNS |
| AKEBONO BRAKE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendant, Akebono Brake Corporation ("Akebono" or "Defendant"), through counsel, hereby files this Notice of Removal of this civil action from the Barren Circuit Court, Barren County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division, pursuant to 28 U.S.C. § 1441 *et seq*. The grounds for removal are as follows:

1. This civil action, currently captioned as Jeremy Gentry v. Akebono Brake Corporation, Civil Action No. 19-CI-00164 (hereafter "State Court Action"), was commenced in the Barren Circuit Court, Barren County, Kentucky upon Plaintiff's filing of a Complaint against Akebono. True copies of all process, pleadings, and orders served upon Akebono are attached hereto as ***Exhibit 1***.

2. The United States District Court for the Western District of Kentucky, Bowling Green Division is the proper district and division for removal from the Barren Circuit Court. 28 U.S.C. §§ 1441(a), 1446(a).

3. Defendant has not yet pleaded or answered in the State Court Action, and no motions are pending.

4. At the time this action was filed, and at all times since, the only Plaintiff in this action, Jeremy Gentry ("Plaintiff"), was and is a citizen of the Commonwealth of Kentucky. Complaint, ¶ 2.

5. Defendant is and at all relevant times has been a corporation organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan. *Id.* at ¶ 3. A corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is a citizen of the State of Michigan.

6. Complete diversity exists between Plaintiff and Defendant. Plaintiff is a citizen of Kentucky and not a citizen of Michigan, and Defendant is a citizen of Michigan and not a citizen of Kentucky. Complaint, ¶¶ 2-3. Accordingly, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332(a)(1).

7. Plaintiff's Complaint puts more than $75,000 in controversy, the threshold amount in controversy for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

8. In his Complaint, Plaintiff asserts that he "was discriminated against," "demoted," and "suffered retaliation" because of his disability/perceived disability in violation of Kentucky law. Complaint, ¶¶ 36-38. Plaintiff further asserts in his Complaint that, "The monetary damages claimed in this case are the difference between what Plaintiff would have earned had he not been demoted because of his disability/perceived disability," and that he is seeking damages

for "back pay and benefits equivocation, and his attorneys' fees and costs." Complaint, ¶ 32; Complaint, Paragraph beginning with "WHEREFORE" on p. 4.

9. Plaintiff was employed with Defendant as an Area Supervisor from December 8, 2014 through July 7, 2017. Declaration of Michael Blackburn, ¶ 4 (copy attached hereto as *Exhibit 2*). Plaintiff was demoted to the position of Production Associate effective July 8, 2017. *Id.* at ¶ 5. At the time of his demotion, Plaintiff was making approximately $49,439.00 per year as an Area Supervisor. *Id.* at ¶ 6. Effective July 8, 2017, Plaintiff began making approximately $37,440 per year plus overtime as a Production Associate. *Id.* Thus, Plaintiff's claim for lost wages in this action alleging disability discrimination and/or retaliation in violation of Kentucky law are approximately $12,000 per year or approximately $20,000 at the time the initial Complaint was filed in the State Court Action.[1]

10. Plaintiff also requests his attorneys' fees and costs. Complaint, Paragraph beginning with "WHEREFORE" on p. 4. "[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Plaintiff's claims are brought pursuant to the Kentucky Civil Rights Act ("KCRA"), KRS 344. Complaint, ¶¶ 36-38. The KCRA permits an award of attorney fees to a prevailing plaintiff and, therefore, it must be included in the amount in controversy. KRS § 344.450; *see also Bierne v. Faurecia Exhaust Sys., Inc.*, No. 3:13-CV-01156-CRS, 2014 WL 3966382, at *3 (W.D. Ky. Aug. 13, 2014)

---

[1] Defendant's calculation herein regarding Plaintiff's potential damages award is not an admission that he is entitled to any such award; nor does it, in any way, waive any of Defendant's arguments or defenses against such award.

("Because the KCRA permits the recovery of reasonable attorney's fees, we must include any amount recoverable for attorney's fees in calculating the amount in controversy."). Courts apply the "lodestar" figure to determine an appropriate attorney fee award, which consists of the product of counsel's reasonable hours multiplied by a reasonable hourly rate. *See Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 826 (Ky. 1992).

11. This is a straightforward disability discrimination and retaliation case with one plaintiff and two causes of action under the KCRA. The Kentucky Supreme Court has found an hourly rate of $150.00 awarded pursuant to the fee-shifting provision of the KCRA to be reasonable. *See Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 809 (Ky. 2004). Following a jury verdict for sexual harassment and constructive discharge under the KCRA, a district court in the Western District of Kentucky found 729.1 hours to be reasonable. *See West v. Tyson Foods, Inc.*, No. 4:05-cv-183M, 2008 WL 5110954 at *2 (W.D. Ky. Dec. 3, 2008).[2] Applying the lodestar method here, even if Plaintiff's attorney bills 500 hours, only about 68% of the hours approved in *West*, and assuming the Court finds $150.00 to be a reasonable hourly rate, Plaintiff may recover $75,000 in attorney fees in the instant action.[3]

12. On July 2, 2019, the undersigned counsel for Akebono spoke with counsel for Plaintiff, Corey Asay of Morgan & Morgan, and requested that Plaintiff sign an irrevocable Stipulation stating that the amount in controversy in this case was less than $75,000, **including** Plaintiff's attorneys' fees and costs. Mr. Asay declined to enter into any such Stipulation at that time.

---

[2] The Court in *West* found an hourly rate of $200 to be reasonable. 2008 WL 5110954, at *2.
[3] Defendant expressly does not admit the assumed hourly rates and hours worked listed herein are reasonable in this matter and reserves the right to object to any motion for attorney fees filed by Plaintiff.

13. Based on the foregoing evidence, the amount in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. §§ 1332(a) and 1446(c)(2).

14. Because complete diversity of citizenship exists in this matter and the amount in controversy exceeds the sum or value of $75,000, the United States District Court for the Western District of Kentucky, Bowling Green Division has jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

15. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is being timely filed within thirty (30) days after receipt by Defendant of the Summons and Complaint, which is the first and only pleading Plaintiff served on Defendant and from which Defendant could ascertain that the case was removable.

16. This Notice of Removal has been signed by counsel for Defendant herein, pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that Defendant, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service and has also filed a copy of this Notice of Removal with the Clerk of the Barren Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Kathleen B. Wright
Kathleen B. Wright
kwright@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: 502-589-5400
Fax: 502-581-1087
COUNSEL FOR DEFENDANT, AKEBONO
BRAKE CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court by using the EM/ECF system, and have served a copy of the foregoing **NOTICE OF REMOVAL** and **NOTICE OF ELECTRONIC FILING** via first class U.S. Mail, postage prepaid, upon the following:

Christina Thomas Mazaheri
Corey Asay
casay@forthepeople.com
Morgan & Morgan
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Telephone (859) 286-8368
*Counsel for Plaintiff*

/s/ Kathleen B. Wright
COUNSEL FOR DEFENDANT, AKEBONO
BRAKE CORPORATION

0117019.0626472 4824-7982-1467v1